# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY EARL EVANS,<br><br>        Plaintiff,<br><br>   v.<br><br>JEANNE WOODFORD, et al.,<br><br>        Defendants. | CASE NO. 1:06-cv-01250-OWW-SMS PC<br><br>ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO FILE SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 11) |

I.    <u>Screening Order</u>

    A.    <u>Screening Requirement</u>

Plaintiff Johnny Earl Evans ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 11, 2006. On February 22, 2007, plaintiff filed an amended complaint. Fed. R. Civ. P. 15(a).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
4  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
5  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
6  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only
7  if it is clear that no relief could be granted under any set of facts that could be proved consistent with
8  the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether
9  the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of
10  the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,
11  353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also
12  Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the
13  opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.
14  2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."
15  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights
16  complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l
17  Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d
18  266, 268 (9th Cir. 1982)).

19    B.    Plaintiff's Section 1983 Claims

20  The events at issue in this action allegedly occurred at Kern Valley State Prison in Delano,
21  where plaintiff is presently housed. Plaintiff names former California Department of Corrections
22  and Rehabilitation Director Jeanne S. Woodford, Appeals Branch Chief N. Grannis, Warden George
23  Galaza, Warden Roy A. Castro, Lieutenant W. Mathews, Lieutenant D. Stebbins, and Correctional
24  Officer C. Delouth as defendants. Plaintiff is seeking monetary damages and injunctive relief.
25  Plaintiff alleges that following an incident on the yard on August 16, 2005, defendant
26  Delouth issued plaintiff a Rules Violation Report (RVR) charging plaintiff with inciting and being
27  a threat to the safety and security of the institution. Plaintiff alleges that charge was knowingly false
28  and defendant Delouth made no effort to correct the information in the RVR.

On August 17, 2005, plaintiff filed a Citizen's Complaint with Director Woodford complaining that defendant Delouth issued a false report and caused him to be placed in administrative segregation. Defendant Stebbins was assigned to investigate the complaint and forwarded it to defendant Galaza. Plaintiff alleges he does not know what became of the complaint.

On September 9, 2005, defendant Mathews found plaintiff guilty of a lesser included offense, despite plaintiff's position that the charge was false.

### 1. Defendants Woodford, Grannis, Galaza, Castro, and Stebbins - Handling of Plaintiff's Written Complaints

To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

The fact that plaintiff filed a complaint regarding defendant Delouth's actions and the complaint was not sustained after a review by defendants Woodford, Grannis, Galaza, Castro, and Stebbins does not provide a basis for imposition of liability under section 1983. The decision of defendants to deny or reject plaintiff's version of events is well within their discretion and does not state a claim for violation of plaintiff's federal rights.

### 2. Defendants Delouth and Mathews - Issuance and Resolution of RVR

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the

protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, No. 04-15770, 2007 WL 400759, at *1 (9th Cir. Feb. 7, 2007).

Plaintiff's allegations do not give rise to a claim for relief under section 1983 against defendants Delouth and Mathews. Plaintiff has not alleged any facts supporting a claim that he was deprived of a protected liberty interest as a result of defendant Delouth or defendant Mathew's actions. Although plaintiff was housed in administrative segregation for two months, plaintiff does not have a protected liberty interest in remaining free from administrative segregation. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983); May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997). Without the existence of a protected liberty interest, plaintiff's claim that his right to due process was violated fails. Further, the fact that defendant Mathews found plaintiff guilty despite plaintiff's position that the charge was false does not provide a basis upon which to impose liability. Plaintiff's disagreement with defendant Mathew's decision does not provide any basis upon which to impose liability for violation of plaintiff's federally protected rights.

    3.  Violation of State Law

In his complaint, plaintiff alleges various violations of the state penal code and state regulations. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

A private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'" Chrysler Corp., 441 U.S. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)). Further, the existence of Title 15 regulations governing the conduct of prison employees does not necessarily entitle plaintiff to sue civilly to enforce the regulations or to sue for damages based on the violation of the regulations. Plaintiff has set forth no authority for the proposition that he is entitled to sue in this civil action for violation of the penal code or Title 15 regulations.

    C.    Conclusion

The court finds that plaintiff's amended complaint does not state any claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983;

2. The Clerk's Office shall send plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file a second amended complaint; and

4. If plaintiff fails to file a second amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   March 7, 2007**                                             /s/ Sandra M. Snyder
icido3                                                                            UNITED STATES MAGISTRATE JUDGE