# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY EARL EVANS,<br><br>        Plaintiff,<br><br>   v.<br><br>JEANNE WOODFORD, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:06-cv-01250-OWW-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 13) |

Plaintiff Johnny Earl Evans ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 13, 2007, plaintiff filed a motion seeking a preliminary injunction prohibiting defendants from threatening him, retaliating against him, and locking him in his cell without access to the law library.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must

///

1  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
2  Id.

3  Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

In this instance, there is not yet an actual case or controversy before the court. On March 8, 2007, the court dismissed plaintiff's amended complaint, with leave to amend, for failure to state any claims upon which relief may be granted. Thus, at this juncture, the court has no jurisdiction to issue the order sought by plaintiff. Further, in no event may the court issue an order that would not remedy a claim in this action. The claims in this action arise from the issuance of a Rules Violation Report in 2005, and plaintiff is not entitled, in this action, to an order directed at remedying plaintiff's current conditions of confinement, which plaintiff alleges are the result of the filing of this action.

Based on the foregoing, it is HEREBY RECOMMENDED that plaintiff's motion for preliminary injunctive relief, filed March 13, 2007, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///
///
///
///
///

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 16, 2007**  /s/ Sandra M. Snyder
icido3                                                                UNITED STATES MAGISTRATE JUDGE