# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY EARL EVANS,<br><br>    Plaintiff,<br><br>  v.<br><br>JEANNE WOODFORD, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:06-cv-01250-OWW-SMS PC<br><br>ORDER ADDRESSING OBJECTION AND DENYING IT WITH PREJUDICE TO THE EXTENT IT IS CONSTRUED AS A MOTION FOR RECONSIDERATION<br><br>(Doc. 21)<br><br>ORDER DENYING MOTION FOR REINSTATEMENT OF MOTIONS, WITH PREJUDICE<br><br>(Doc. 23)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SEND PLAINTIFF A COPY OF THE DOCKET IN THIS ACTION |

Plaintiff Johnny Earl Evans ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 8, 2007, the Magistrate Judge dismissed plaintiff's amended complaint, with leave to amend, and on March 16, 2007, the Magistrate Judge denied plaintiff's motions for recusal and transfer of this case, and recommended that plaintiff's motion for preliminary injunctive relief be denied. (Docs. 12, 17, and 18.) Plaintiff filed a second amended complaint on March 22, 2007. (Doc. 20.) On March 26, 2007, plaintiff filed an objection to the order dismissing his amended complaint with leave to amend, and a motion seeking to reinstate his motions for recusal, to transfer this case, and for preliminary injunctive relief. (Docs. 21 and 23.)

1    An "objection" to the Magistrate Judge's order is not a recognized response, as it was an
2 order, not a findings and recommendations.  To the extent that the objection is construed to be a
3 motion for reconsideration, it is without merit.  Federal Rule of Civil Procedure 60(b) governs the
4 reconsideration of final orders of the district court.  The Rule permits a district court to relieve a
5 party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or
6 excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from
7 the operation of the judgment." Fed. R. Civ. P. 60(b).  The motion for reconsideration must be made
8 within a reasonable time, in any event "not more than one year after the judgment, order, or
9 proceeding was entered or taken." Id.

10   Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin
11 Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)
12 (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce
13 the Court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634
14 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th
15 Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988).  The Ninth Circuit
16 has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding
17 clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986)
18 (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)).  Accordingly, "the clause is
19 reserved for 'extraordinary circumstances.'" Id.  When filing a motion for reconsideration, Local
20 Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist
21 which did not exist or were not shown upon such prior motion, or what other grounds exist for the
22 motion."

23   Plaintiff's disagreement with the Magistrate Judge's analysis of the law is unpersuasive.
24 Plaintiff's objection is devoid of any ground entitling plaintiff to reconsideration of the Magistrate
25 Judge's order and is denied with prejudice.

26   Turning to plaintiff's motion for reinstatement of his motions for recusal, to transfer this case,
27 and for preliminary injunctive relief, at the time plaintiff filed the motion, he was under the mistaken
28 belief that the motions had not been filed by the Clerk's Office.  The motions were filed on March

1  13, 2007, and addressed by the Magistrate Judge in an order and a finding and recommendation filed
2  on March 16, 2007.  Accordingly, plaintiff's motion to reinstate the motions is without merit and is
3  denied, with prejudice.  The Court will direct the Clerk's Office to provide plaintiff with a courtesy
4  copy of the docket in this action.

      Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's objection, to the extent it is construed to be a motion for reconsideration, is DENIED, WITH PREJUDICE;

2. Plaintiff's motion to reinstate his motions for recusal, to transfer this case, and for preliminary injunctive relief is DENIED, WITH PREJUDICE; and

3. The Clerk's Office shall send plaintiff a copy of the docket in this action.

IT IS SO ORDERED.

**Dated:   March 29, 2007**             _____**/s/ Oliver W. Wanger**_____
emm0d6                                         UNITED STATES DISTRICT JUDGE