IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHNNY EARL EVANS, | ) | No. CV-F-06-1250 OWW/SMS P |
| | ) | |
| | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION TO STAY CIVIL |
| Plaintiff, | ) | COMPLAINT PROCEEDINGS |
| | ) | PURSUANT TO RULE 8(a), |
| vs. | ) | FEDERAL RULES OF APPELLATE |
| | ) | PROCEDURE (Doc. 28) AND |
| | ) | MOTION FOR INTERLOCUTORY |
| JEANNE WOODFORD, et al., | ) | APPEAL PURSUANT TO 28 U.S.C. |
| | ) | § 1292(b) (Doc. 29) |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

On April 17, 2007, Plaintiff, a state prisoner proceeding *in pro per*, filed a "Notice of Motion and Motion to Stay Civil Complaint Proceedings, Pursuant to (FRAP) Rule 8(a)" and a "Notice of Motion and Motion for Interlocutory Appeal from District Court's Order Denying Objections and Reinstatement of Motions, With Prejudice (Docs. 21 and 23) Pursuant to (FRAP) Rule 5(a), 28 U.S.C. § 1292(b)". Plaintiff filed both motions with the Ninth Circuit Court of Appeals. The Ninth Circuit Clerk's Office forwarded both motions to this Court for resolution.

Plaintiff moves for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) of the Orders filed on March 30, 2007. (Doc. 24). The March 30, 2007 Order denied Plaintiff's motion for reconsideration of the Magistrate Judge's Order dismissing Plaintiff's Amended Complaint with leave to amend, (Doc. 12), denied Plaintiff's motion for reinstatement of motions to recuse the Magistrate Judge, to transfer the case, and for preliminary injunctive relief, (Docs. 21 and 23).

Section 1292(b) provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order; <u>Provided, however</u>, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Section 1292(b) is to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation. <u>United States Rubber Co. v. Wright</u>, 359 F.2d 784, 785 (9th Cir. 1966). Plaintiff must demonstrate that (1) there is a controlling question of law, (2) that there are substantial grounds for difference of opinion, and (3) that an

2

immediate appeal may materially advance the ultimate termination of the litigation.  <u>In re Cement Antitrust Litigation</u>, 673 F.2d 1020, 1026 (9th Cir. 1982).  "[A]ll that must be shown in order for a question [of law] to be 'controlling' is that resolution of the issue on appeal could affect the outcome of litigation in the district court."  <u>In re Cement Antitrust Litigation</u>, <u>id.</u>, 673 F.2d at 1026.  To demonstrate "a substantial ground for difference of opinion" on a question for Section 1292(b) certification, the moving party must show more than its own disagreement with a court's ruling.  The term refers to the legal standard applied in the decision for which certification is sought and whether other courts have substantially differed in applying that standard.  <u>See</u> <u>Harter v. GAF Corp.</u>, 150 F.R.D. 502, 518 (D.N.J. 1993).

 Plaintiff's complaint alleged he was falsely cited for threatening the safety of the institution in which he was confined and was found guilty of a lesser rules violation.  He was placed in administrative segregation.  He filed this suit, was afforded leave to amend his complaint which fails to state a claim, and then sought preliminary injunctive relief claiming he was being denied law library access.

 Given these standards, Plaintiff's motion to certify an immediate appeal is DENIED.  Whether Plaintiff has demonstrated a controlling question of law and substantial grounds for difference of opinion is not addressed because Plaintiff has not shown that an immediate appeal will materially advance the

3

ultimate termination of the litigation, i.e., that this is an exceptional situation where an immediate appeal will avoid protracted and expensive litigation.

    Plaintiff's statement of the issues he seeks to certify for immediate appeal include his contentions that the court erred in dismissing the Amended Complaint with leave to amend.  Prior to seeking certification under Section 1292(b), Plaintiff filed a Second Amended Complaint pursuant to the Magistrate Judge's Order.  (Doc. 20).  Plaintiff did not file "objections" to the Magistrate Judge's Order dismissing the Amended Complaint until after he had filed the Second Amended Complaint.  (Doc. 21) Plaintiff has not demonstrated an exceptional situation in which allowance of an interlocutory appeal will avoid protracted and expensive litigation.

    Plaintiff's statement of issues he seeks to certify for immediate appeal also include his contention that the Magistrate Judge and the District Court used an inappropriate absence of case or controversy standard in denying Plaintiff's motion for temporary restraining order directing Defendants to refrain from using retaliatory measures against Plaintiff and providing the access to the prison law library that he seeks.  Plaintiff has not demonstrated an exceptional situation in which allowance of an interlocutory appeal will avoid protracted and expensive litigation.  Now that Plaintiff has filed his Second Amended Complaint, he may, if justified by law and equity, re-present a legally sufficient motion for temporary restraining order.

Plaintiff's statement of issues he seeks to certify for immediate appeal include his contentions that the District Court erred in failing to transfer the case to another Magistrate Judge and in failing to admonish the Magistrate Judge for erroneous rulings.  Again, Plaintiff has not demonstrated an exceptional situation in which allowance of the interlocutory appeal will avoid protracted and expensive litigation.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is DENIED. Because of this denial, Plaintiff's motion for stay pending the appeal is DENIED as moot.

IT IS SO ORDERED.

**Dated:  May 29, 2007**               /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE