IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNY EARL EVANS,

      Plaintiff,                            Case No. 1:06-cv-01250 ALA (P)

     vs.

JEANNE S. WOODFORD, et al.,

      Defendants.                       ORDER

_____/

     Plaintiff Johnny Earl Evans is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Before this Court is Defendants' Motion to Dismiss the Fourth Amended Complaint on the ground that Mr. Evans failed to exhaust his administrative remedies (Doc.60). Mr. Evans filed oppositions to Defendants' motion (Docs. 69, 72) and his declaration in support of his oppositions (Doc. 70). For the reasons set forth below, Mr. Evans is ordered to show cause why his Fourth Amendment Complaint should not be dismissed as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA").

**I**

     The PLRA provides, "[no] action shall be brought with respect to prison conditions under [42 U.S.C.] section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under the PLRA, exhaustion is a compulsory prerequisite to

the filing of an action, regardless of whether or not the administrative remedy is simple, fast or effective. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Section 1997e(a) contains no exceptions to the exhaustion requirement, and the exhaustion requirement may be not excused by the court, even if doing so would be in the interest of justice. *Id.* at 741 n.5-6 ("[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

Under California Penal Code section 5058, the California Department of Corrections and Rehabilitation ("CDCR") has established an administrative grievance process which provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The system consists of several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDCR 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third and final level appeal to the Director of the California Department of Corrections. *Id.* at § 3084.5; *see also Woodford v. Ngo,* 548 U.S. 81, 85 (2006). A prisoner must file the grievance or appeal within 15 working days of the event or decision or of receiving an unacceptable lower level decision. Cal. Code Regs. tit. 15, § 3084.6; *see Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007) ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

**II**

Mr. Evans's Fourth Amended Complaint alleges violations of his First and Eighth Amendment rights and violations of various state penal statutes and administrative regulations. The Fourth Amended Complaint alleges that these violations arise from Defendant Delouth's issuance of a false Rules Violation Report ("RVR") in retaliation for Mr. Evans's expressed intent to report Mr. Delouth for using profanity directed at the inmates on August 16, 2005. (Fourth Am. Compl. 3, § IV & ¶¶ 5-8.); (2)  The question before this Court is whether Mr. Evans has exhausted his administrative remedies with respect to this incident.

Mr. Evans alleges that he filed an administrative appeal which was denied at all levels of review. (Fourth Am. Compl. 2, § II.C.) Between August 1 and December 31, 2005, Mr. Evans

1  filed three grievances at Kern Valley State Prison ("KVSP"): (1) KVSP 05-00331, (2) KVSP 05-
2  00369, and (3) KVSP 05-00497. (Billings Decl. ¶ 3 & Exs. B-D.) In grievance Log. No. 05-
3  00331 and 05-00497, Mr. Evans withdrew his grievances at the first level of review. (*Id.* Ex.B,
4  p.2 & Ex. D, p.2.)

5  Defendants present uncontradicted evidence that Mr. Evans failed to exhaust his
6  administrative remedies as to his claims. N. Grannis, the California Department of Corrections
7  and Rehabilitation's ("CDCR's") Chief of the Inmate Appeals Branch ("IAB"), states in a
8  declaration that a search of IAB records reveals that Mr. Evans "filed one grievance at Kern
9  Valley State Prison (KVSP) that IAB received and accepted for a Director's level decision- IAB
10 Case No. 0513990, KVSP 05-00369." (*See* Grannis Decl. Ex. A, § A.) Nowhere in the filed
11 grievance does Mr. Evans assert that Mr. Delouth retaliated against him, that the RVR was
12 retaliatory, or that his constitutional rights were violated. (*Id.*) Furthermore, he does not state
13 any facts supporting his complaint that Mr. Delouth subjected him to cruel and unusual
14 punishment during the August 16, 2005 incident, during his term in administrative segregation,
15 or from the punishment levied from the finding of guilt resulting from the RVR. (*Id.*)

16 Between August 1 and December 31, 2005, there is no evidence that Mr. Evans filed
17 another grievance with KVSP complaining of retaliation or having been subjected to cruel and
18 unusual punishment. (Grannis Decl. ¶ 6; Billings Decl. ¶ 3.) The only other two grievances Mr.
19 Evans filed during this time related to his confiscated personal property and the loss of a prison
20 identification card. Since he withdrew these grievances after the first level of review, the
21 administrative process was never exhausted. (*Id.*) T. Billings, the CDCR Appeals Coordinator,
22 states in a declaration that a search of the CDCR 602 grievances and administrative appeals
23 yields the same grievances mentioned above.

24 The uncontradicted evidence appears to establish that Mr. Evans's administrative
25 grievances against the Defendants did not raise his claims for retaliation and cruel and unusual
26 punishment. Nowhere in the appeals process did Mr. Evans address his contention that Mr.
27 Delouth acted in retaliation or that his constitutional rights were denied. Mr. Evans has not
28 argued to the contrary. Conversely, Defendants have provided the declarations of T. Billings

and N. Grannis, which further affirm that Mr. Evans did not raise claims for retaliation and cruel and unusual punishment.

Furthermore, the evidence shows that Mr. Evans failed timely to file a grievance with KVSP regarding the alleged false RVR issued by Delouth in retaliation for his intent to report Mr. Delouth's use of profanity. The incident happened on August 16, 2005. (Fourth Am. Comp. ¶ 5.) Mr. Delouth charged Mr. Evans with "inciting" and issued the RVR that same day. (Grannis Decl. Ex. A, p. 1, § A.) However, Plaintiff did not submit his grievance (KVSP 05-00369) until October 15, 2005. A prisoner is required to file a grievance within 15 working days of the occurrence. Cal. Code Regs. tit. 15, § 3084.6(c). Mr. Evans failed to meet this deadline.

Mr. Evans does not address the exhaustion issue in his oppositions to Defendants' motion to dismiss, nor has he set forth any evidence that he has exhausted his administrative remedies (Docs. 69, 70, 72). Instead, Mr. Evans has only addressed the issue of whether he has stated a claim.

### III

The evidence summarized above, which Mr. Evans has not contradicted, appears to establish that Mr. Evans failed to exhaust his administrative remedies as to each of the claims in his Fourth Amended Complaint. "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.9 (9th Cir. 2003). Where, as here, "the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust- a procedure closely analogous to summary judgment- then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record." *Id.* at 1120 n.14
///

For the foregoing reasons, it is hereby ORDERED that:

1. Mr. Evans is to show cause on or before July 13, 2008, why the Court should not dismiss his Fourth Amended Complaint, filed on December 13, 2007, for failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

2. Mr. Evans is hereby given the following informational notice: The Court is

4

considering whether to dismiss Mr. Evans's Fourth Amended Complaint, which he filed on December 13, 2007, because he failed to exhaust his administrative remedies under 42 U.S.C. § 1997e(a) as to each of his claims.  In deciding whether to dismiss Mr. Evans's Fourth Amended Complaint, the Court will consider any evidence submitted on that issue by Mr. Evans and by the Defendants.  In responding to this order and to Defendants' motion to dismiss, Mr. Evans may not simply rely on the allegations in his complaint.  Instead, he must oppose Defendants' motion to dismiss by setting forth specific facts in declarations and other evidence regarding the exhaustion of his administrative remedies.  *See* Fed. R. Civ. P. 43(e); *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988).  If Mr. Evans does not respond to this order on or before July 13, 2008, by submitting his own evidence in opposition to Defendants' motion to dismiss, the Court may conclude that Mr. Evans has not exhausted his administrative remedies and the case will be dismissed without prejudice.  *Ritza*, 837 F.2d at 368 & n.3.

///

DATED: June 13, 2008

                /s/ Arthur L. Alarcón
                UNITED STATES CIRCUIT  JUDGE
                Sitting by Designation