IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNY EARL EVANS,

    Plaintiff,                          Case No. 1:06-cv-01250 ALA (P)

    vs.

JEANNE S. WOODFORD, et al.,

    Defendants.                      ORDER

_____/

      Plaintiff Johnny Earl Evans ("Evans") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Evans alleges Defendant C. Delouth issued a false Rules Violation Report ("RVR") in retaliation for Evans's expressed intent to report him for using profanity directed at inmates on August 16, 2005. (Doc. 52, p. 3, § IV & ¶¶ 5-8.). Evans contends that this retaliation violated his First Amendment rights. He also argues that Delouth violated his Eighth Amendment rights.

      Pending before this Court is Defendants' un-enumerated 12 (b) Motion to Dismiss for Evans's failure to exhaust his administrative remedies. (Doc. 60). Defendants filed declarations in support of their contention that Evans failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"). (Doc.60). Evans filed an

1

opposition to Defendants' Motion to Dismiss and a declaration in support thereof. (Docs. 69, 70, 72). Evans failed to present any evidence in response to Defendants' showing that he did not exhaust the claims he set forth in his Fourth Amended Complaint. This Court ordered Evans to show cause why his Fourth Amended Complaint should not be dismissed. (Doc. 73). Evans was ordered to proffer evidence or specific facts to rebut Defendants' contention that he failed to exhaust his administrative remedies. (Doc. 73). *See Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) (finding that courts have broad discretion to as to what methods shall be implemented to resolve factual disputes where exhaustion is raised as a matter of abatement in an un-enumerated 12 (b) motion); *see also Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003) ("the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust- a procedure closely analogous to summary judgment- then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record.").

## I

The PLRA provides that, "[no] action shall be brought with respect to prison conditions under [42 U.S.C.] section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

## II

### A

Defendants argue that Evans's action should be dismissed because he failed to properly exhaust his administrative remedies. Defendants contend that Evans did not provide the prison notice of the retaliation or cruel and unusual punishment claims presented in his Fourth

1  Amended Complaint, as required by the PLRA.  Specifically, Defendants assert that the October
2  15, 2005, Inmate Appeal Form Evans relies on to illustrate exhaustion is inadequate. (Doc. 61,
3  p.4-6).  In support of their motion to dismiss, Defendants have proffered the declarations of N.
4  Grannis, the California Department of Corrections and Rehabilitation's Chief of the Inmate
5  Appeals Branch ("IAB") and T. Billings, the CDCR Appeals Coordinator.
6        N. Grannis stated in his declaration that a search of IAB records revealed that Evans
7  "filed one grievance at Kern Valley State Prison (KVSP) that IAB received and accepted for a
8  Director's level decision- IAB Case No. 0513990, KVSP 05-00369." (Grannis Decl. Ex. A, §
9  A.).  Evans stated in this grievance that he was found guilty of "disrespect toward staff," even
10 though Delouth only charged him with "inciting." (Grannis Decl. Ex. A p. 1, § A.).  The
11 gravamen presented in Evans's grievance was that Lt. Mathews improperly re-classified the
12 charge of "disrespect toward staff" as a lesser included offense of "inciting." (*Id*.).  Evans
13 requested that the administrative body dismiss the guilty verdict, reinstate his work assignment
14 and A1-A status.  Evans also sought compensation for his lost wages and his alleged unlawful
15 placement in administrative segregation that was predicated on false charges. (*Id*. p. 1, § B.).  T.
16 Billings's declaration corroborated N. Grannis's findings.  T. Billings stated that a search of the
17 CDCR 602 grievances and administrative appeals yields the same grievances mentioned above.
18 (Billings Decl. Ex. B).
19       The filed grievance does not allege that Defendant Delouth retaliated against him, that
20 the RVR was retaliatory, or that his constitutional rights were violated. (Grannis Decl. Ex. A, §
21 A.).  Furthermore, Evans's grievance does not provide any facts supporting his instant complaint
22 that Delouth subjected him to cruel and unusual punishment during the August 16, 2005
23 incident, during his term in administrative segregation, or from the punishment levied from the
24 finding of guilt resulting from the RVR. (*Id.*)
25       Defendants further allege in their declarations that Evans did not file a grievance with
26 KVSP complaining of retaliation or having been subjected to cruel and unusual punishment

1  between August 1 and December 31, 2005. (Grannis Decl. ¶ 6; Billings Decl. ¶ 3).[1]

## B

In response to this Court's Order to Show Cause, Evans asserts that his October 15, 2005, grievance and Citizen's Complaint [2] apprised prison officials of his retaliation and cruel and unusual punishment claims. (Doc. 81, p. 8-11). In support, Evans argues that

> his 602 factual claim that Delouth wrote a false 115 report against him gave prison officials fair notice that the motive underlying Delouth's conduct was at issue, and [plaintiff's] response in III of the appeal he tries to present additional details to clarify the allegation made in Section A of the appeal by describing the only profane language [Evans] used towards C/O Delouth was I am going to write your ass up for cursing at us.

(*Id.*, p. 10) (citations omitted). Evans's response does not address whether his 602 afforded prison officials notice of his instant Eighth Amendment claim.

Evans also argues that the Citizen's Complaint he filed on August 16, 2005, pursuant to Title 15, Section 3391(b) of the California Code of Regulations, provided prison officials notice of his retaliation and cruel and unusual punishment claims, thereby satisfying the PLRA's exhaustion requirement. (*Id.* at p. 3-7).

## III

## A

The doctrine of administrative exhaustion is well established. "The doctrine provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting

---

[1] The only other two grievances Evans filed during this time related to his confiscated personal property and the loss of a prison identification card. Since he withdrew these grievances after the first level of review, the administrative process was never exhausted. (Grannis Decl. ¶ 6; Billings Decl. ¶ 3).

[2] Title 15, Section 3391 of the California Code of Regulations allows non-inmates to make lodge complaints against departmental peace officers.

1  *McKart v. United States*, 395 U.S. 185, 193 (1969)) (internal citations omitted).  Exhaustion
2  requirements provide agencies a fair and full opportunity to adjudicate claims brought before it.
3  *Woodford*, 548 U.S. at 90.  Therefore, "exhaustion protects administrative agency authority [as
4  it] gives an agency an opportunity to correct its own mistakes . . . before it is haled into federal
5  court."  *Id*. at 89 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992) (internal quotations
6  omitted).  As set forth *supra*, the PLRA requires administrative exhaustion. *See Booth v.*
7  *Churner*, 532 U.S. 731, 739 (2001) (finding that an amendment to the PLRA now mandates
8  exhaustion, and eliminates the discretion of the court as to its application of the requirement).

9        Evans's response to this Court's Order to Show Cause fails to demonstrate exhaustion.
10 Evans continues to rely on his only exhausted grievance that seeks relief for Lt. Mathew's
11 decision to re-classify his charge from "inciting" to "disrespect to staff."  A review of Evans's
12 expressed position throughout the grievance process does not support his current position that he
13 provided KVSP notice of his instant constitutional claims.  The facts that Evans now relies on to
14 support exhaustion were initially used to illustrate the Lt. Mathew's alleged re-classification
15 error, not retaliation.  For example, Evans contends that when he submitted his grievance for the
16 Director's Level Review, he informed the prison that the only profane language he used toward
17 Delouth was, "I am going to write your ass up for cursing at us." (Doc. 81, Ex. H at p. 2).  In
18 context, what Evans sought to convey on review was that his charge was invalid, not that his
19 statement illustrated a motive for Delouth's alleged retaliation.  Evans's argument in his
20 grievance was that his statement, "I am going to write your ass up for cursing at us," should not
21 amount to the charge of inciting, and therefore, he should not have been charged at all.  The
22 hearing officer concluded, however, that based on that admitted statement, Evans was guilty of
23 violating an administrative rule: namely, "disrespect to staff."  Evans never expressed a claim of
24 retaliation in his Inmate Appeal Form.  The fact that Evans characterizes Delouth's inciting
25 charge as false in his grievance does not demonstrate retaliation.
26 /////

## B

Evans's reliance on his filed citizen's complaint as a means of exhaustion is also misplaced. "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." *Woodford*, 548 U.S. at 92. "Proper exhaustion [of administrative remedies] demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings. *Woodford*, 548 U.S. at 90-91. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 923 (2003).

In this case, therefore, the California Department of Corrections and Rehabilitation ("CDCR") provides the administrative grievance process that Evans should have followed. The CDCR's grievance process affords prisoners the right to appeal administratively, "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). California also provides that prisoners may file an appeal that alleges misconduct by correctional officers and officials. *Id*. § 3084.1(e). The system consists of several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDCR 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third and final level appeal to the Director of the California Department of Corrections. *Id.* at § 3084.5.

The CDCR does not provide an inmate the option of filing a citizen's complaint to exhaust his or her administrative remedies. Title 15, Section 3391 of the California Code of Regulations provide that a citizen's complaint may only be filed by non-inmates. Section 3391 provides in relevant part:

> (b) An allegation by a non-inmate of misconduct by a departmental

      peace officer as defined in section 3291(b), is a citizen's complaint pursuant to Penal Code section 832.5. Citizen's complaints alleging misconduct of a departmental peace officer shall be filed within twelve months of the alleged misconduct.

      (c) Persons other than an inmate, parolee or staff who allege misconduct of a departmental peace officer shall submit a written complaint to the institution head or parole administrator of the area in which the peace officer is employed.

Cal.Code Regs. tit. 15, § 3391(b)-(c)

Because Evans was an inmate when he filed his alleged "citizen's complaint," it was invalid, and it did not serve to exhaust his administrative remedies as required by § 1997e(a).

In accordance with the foregoing, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is GRANTED and that Plaintiff's action is dismissed without prejudice.

/////

DATED: September 11, 2008

                                          /s/ Arthur L. Alarcón
                                          UNITED STATES CIRCUIT JUDGE
                                          Sitting by Designation