IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNY EARL EVANS,

    Plaintiff,　　　　　　　　Case No. 1:06-cv-01250 ALA (P)

    vs.

JEANNE S. WOODFORD, et al.,

    Defendants.　　　　　　　　<u>ORDER</u>

_____/

    This Court dismissed Plaintiff Evans's ("Evans") fourth amended complaint because he had failed to exhaust his administrative remedies properly before commencing the instant action, as required by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"). (Doc. 84). Pending before this Court is Evans's motion for reconsideration of this Court's judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, and Defendants' opposition. (Docs. 88, 90).

**I**

    Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, a party may be relieved from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could have been discovered in time to move for a new trial ...;

1

|   |   |
|---|---|
| 1 | (3) fraud ..., misrepresentation, or other misconduct by an adverse party; |
| 2 | (4) the judgment is void; |
|   | (5) the judgment has been satisfied, released or discharged ...; or |
| 3 | (6) any other reason justifying relief from the operation of judgment. |
| 4 | ///// |

Evans moves for reconsideration pursuant to Rule 60(b)(6), a "catchall provision" that applies only when the basis for the motion is not covered by any of the reasons set forth in Rule 60(b)(1)-(5). *Samish Indian Tribe v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005). Courts rarely grant relief under this provision, and do so only to prevent manifest injustice. *Id*. To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). Therefore, a mere recapitulation of the cases and arguments considered by the court before rendering its original decision is inadequate to warrant relief. *United States v. Westlands Water Dist*., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). Similarly, a party's dissatisfaction or disagreement with a court's judgment does not justify reconsideration "[b]ecause 'Rule 60(b) was not intended to provide relief for error on the part of the court or to afford a substitute for appeal[.]'" *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (quoting *Title v. United States of America*, 263 F.2d 28, 31 (9th Cir.), *cert. denied*, 359 U.S. 989 (1959)).

## II

In his motion, Evans presents two arguments. He first contends that "[t]his court's decision imposed a prerequisite standard on [him] to lay out specific facts and articulate legal theories in his CDC 602 grievance, which is clear error, because neither prison policy, PLRA, or controlling law requires such a showing to exhaust an administrative claim." (Doc. 88 at 7). Evans also argues that "[t]he district court's decision that CDCR does not provide an inmate the option of filing a citizen's complaint to exhaust is factually and legally erroneous." (*Id*. at 13).

2

In support of this argument, Evans asserts that this Court incorrectly relied on Title 15, Section 3391(b) of the California Code of Regulations and did not consider section 54100.25.1 of the Department of Operations Manual ("DOM"), which references citizens' complaints. (*Id*. at 14).

Evans maintains that a section 3391 citizen's complaint may be used by a prisoner to exhaust his or her administrative remedies. In support, Evans points out that this Court, in coming to its disposition, thought he had filed a citizen's complaint pursuant to section 3391(b), when in fact he filed a citizen's complaint pursuant to section 3391(d). Evans suggests that this oversight constitutes grounds for this Court to reconsider its judgment. To the contrary, this oversight has no impact on this Court's determination that a prisoner may not achieve proper exhaustion when he or she supplants the California Department of Corrections and Rehabilitation's ("CDCR") 602 grievance form and process with a section 3391 citizen's complaint.

As this Court explained in the underlying dismissal, the PLRA mandates proper exhaustion, which means that Evans was required to comply with the administrative grievance system provided by the California Department of Corrections and Rehabilitation ("CDCR"). *See Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (stating that proper exhaustion "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). A prisoner may not use a section 3391 citizen's complaint to exhaust his or her administrative remedies properly as it is not a part of the CDCR's prescribed grievance process. *See* Cal. Code Regs. tit. 15, § 3084.5. Accordingly, this Court's reliance on subsection (b), or any subsection for that matter, does not substantially affect this Court's analysis or change its ultimate disposition.

Evans relies on references to "citizens' complaints" made in section 54100.25.1 of the DOM to bolster his contention that a section 3391 citizen's complaint is a proper means of exhaustion for a prisoner. His reliance on the DOM, however, is misplaced as this section

expressly instructs prisoners, who seek to lodge a complaint against a peace officer, to "utilize the existing departmental appeal procedure." Evans fails to proffer law or facts to demonstrate a manifest injustice as to this Court's conclusion that a section 3391 citizen's complaint may not be used by a prisoner to comport with controlling law that requires proper exhaustion: as defined here by the CDCR.

Evans's remaining contentions are reiterations of facts and law he previously presented, and this Court rejected. As explained *supra*, mere disagreement with this Court's judgment does not warrant the requested relief.

Accordingly, **IT IS HEREBY ORDERED** that Evans's motion for reconsideration pursuant to Rule 60(b)(6) be DENIED.

/////

DATED: December 4, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation